U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 0 3 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

| | |
|---|---|
| Priscilla Savage, | : |
| | : |
| Plaintiff, | : Civil Action No.: 1:13-cv-01047-SOH |
| v. | : |
| | : **FIRST AMENDED COMPLAINT AND** |
| Hudson Acceptance, LLC; and DOES 1-10, | : **DEMAND FOR JURY TRIAL** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

**FIRST AMENDED COMPLAINT**

For this First Amended Complaint, the Plaintiff, Priscilla Savage, by undersigned

counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Arkansas Fair Debt Collection

Practices Act, A.C.A. § 17-24-501, *et seq.* ("AFDCPA"), repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer

debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Priscilla Savage ("Plaintiff"), is an adult individual residing in Strong, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2), and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Hudson Acceptance, LLC ("Hudson"), is a New Jersey business entity with an address of 190 Moore Street, Hackensack, New Jersey 07601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A), and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Hudson and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Hudson at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $500.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10.      The Debt was purchased, assigned or transferred to Hudson for collection, or Hudson was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

## B. Hudson Engages in Harassment and Abusive Tactics

12.     Within the last year, Defendants contacted Plaintiff by placing calls to Plaintiff's cellular phone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

13.     On several occasions, Plaintiff stayed on the line to speak with a live representative.

14.     During these conversations, Plaintiff requested that Defendants cease all calls to her cellular phone as she was a victim of identity theft and did not owe the alleged Debt.

15.     Despite such requests, Defendants continued to hound Plaintiff with daily Robocalls.

16.     Moreover, on or around April 2, 2013, Defendants placed a call to Plaintiff after 9:00 p.m.

## C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff after 9:00 p.m.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT –**
**A.C.A. § 17-24-501, *et seq*.**

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated A.C.A. § 17-24-504(a)(1) in that Defendants contacted the Plaintiff after 9:00 p.m.

28.     The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29.     The Defendants' conduct violated A.C.A. § 17-24-505(b)(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30.     The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT III**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35.     Arkansas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Arkansas state law.

36.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with Robocalls.

37.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

38.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

40.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

43.     Plaintiff either never provided express consent to Defendants or the Creditor to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendants on her cellular telephone by her repeated demands to cease calling her cellular telephone.

44.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45.     Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

46.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

47.     As a result of each of Defendants' knowing and/or willful violations of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and

every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-
    512(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and
    A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §
    1692k(a)(3) and A.C.A. § 17-24-512(3);

4.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5.  Actual damages from the Defendants for all damages including emotional
    distress suffered as a result of the intentional, reckless, and/or negligent
    FDCPA violations and intentional and/or reckless invasions of privacy in an
    amount to be determined at trial for the Plaintiff;

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 22, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on November 22, 2013, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court Western District of Arkansas Document Filing System (ECF) and that the document is available on the ECF system.

By: /s/ *Sergei Lemberg*

Sergei Lemberg, Esq.